IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GERALD REITZ,

                           Petitioner,

v.

KOSSANDRA MOLL[1],

                           Respondent.

ORDER

15-cv-541-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Gerald Reitz has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5 filing fee. The petition is before the court for screening pursuant to Rule 4 of the Rules Governing Section 2254 cases. Rule 4 requires the Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, then the court orders respondent to answer or otherwise respond to the petition.

According to the petition and its attachments, petitioner was convicted and sentenced in January 2013 in the Circuit Court for St. Croix County for his fourth offense of drunk driving. However, petitioner does not challenge his conviction or the original sentence imposed by the circuit court. Instead, he contends that after he completed his sentence, he

---

[1] Petitioner does not identify who this person is or why he has named her as the respondent in this case.

"was ordered into St. Croix County Court the next day and was told [he] would not be given credit for the time [he] just served and was then re-sentenced which is a direct violation of [Wis. Stat. §] 973.115, which they were well aware of." Pet., dkt. 1, at 6. (I will assume that petitioner meant to cite Wis. Stat. § 973.155, which relates to sentence credit. There is no Wis. Stat. § 973.115.)

Although it appears that petitioner failed to comply with the exhaustion requirement by failing to present this claim to the state courts before filing his federal habeas petition, 28 U.S.C. § 2254(b)(1), it is not necessary to address that issue because it is plain that his claim has no merit. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The facts, which I have derived from documents attached to the petition, are as follows:

On January 14, 2013, pursuant to petitioner's plea of guilty, the Circuit Court for St. Croix County imposed a sentence of 330 days of jail time, but stayed its execution and ordered that petitioner be placed on probation for a term of three years. The court further ordered that petitioner serve six months in the St. Croix County jail as a condition of his probation. The court noted that petitioner had a case pending in Dakota County, Minnesota, and that he would be granted a furlough so that he could make his appearance in that case. The court also said that petitioner could serve his jail time in the Dakota County jail if St. Croix County agreed.

Petitioner was granted a furlough to appear in Dakota County on January 31, 2013. That court imposed a jail sentence and ordered petitioner to begin serving it immediately, rather than having him returned to St. Croix County. Petitioner remained in the Dakota County jail until August 2013. On August 26, 2013, the Circuit Court for St. Croix County held a status conference for the purpose of deciding whether petitioner should receive credit against his St. Croix sentence for the time he served in Dakota County. The court determined that petitioner had satisfied the six-month jail term that it had imposed as a condition of his probation. It also awarded petitioner 135 days' sentence credit against the 330-day term that it had imposed and stayed. The court entered an amended judgment of conviction reflecting these modifications on August 28, 2013.

Thus, contrary to petitioner's assertion in his petition, the circuit court *did* grant him sentence credit for the time he served in Dakota County. Not only did the court deem petitioner to have satisfied the six-month jail term that it had imposed as a condition of his probation, but it also reduced the imposed-and-stayed sentence to 195 days (330 minus 135). (Nothing in the petition suggests that petitioner has begun to serve that sentence, which would occur only if petitioner's probation was revoked. According to petitioner's petition to proceed without prepaying the filing fee, dkt. # 2, petitioner remains on probation.)

Further, even if petitioner could somehow establish that the circuit court erred in applying Wisconsin's sentence credit rules, that is not a claim that this court is authorized to resolve in a federal habeas petition. Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir.

3

2002) (error in the interpretation of state sentencing rules does not present a cognizable claim for habeas relief). As for petitioner's suggestion that the court violated the prohibition on "double jeopardy," nothing in the petition or its attachments suggests that petitioner received multiple punishments for the same offense. To the contrary, the court exercised leniency and effectively allowed petitioner to serve his St. Croix County jail time concurrently with his Dakota County sentence, even though it had not ordered concurrent sentences when it originally sentenced petitioner in January 2013.

Accordingly, because it is plain from the petition and its attachments that petitioner is not entitled to relief on his claim, the petition must be dismissed. Further, petitioner will not be granted a certificate of appealability under Rule 11(a) of the Rules Governing Section 2254 Cases. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As just discussed, petitioner's claim that he was denied sentence credit is refuted by the attachments to the petition, and in any event, the most he could establish is an error of state law. He has not made a substantial showing of the denial of a constitutional right.

ORDER

IT IS ORDERED THAT petitioner Gerald Reitz's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Entered this 30th day of September, 2015.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge